May Term,
1858.

TRITTIPO
v.
THE STATE.

Tuesday,
June 1.

The judgment is affirmed with costs.

*W. T. Otto* and *W. Q. Gresham,* for the appellant.

*D. M'Donald* and *A. G. Porter,* for the state.

(1) *Ante,* 99.

---

Tuesday,
June 1.

10  343
Case 1
163  163

---

## TRITTIPO *v.* THE STATE.

A conviction for a riot, upon regular proceedings before a justice of the peace, bars a prosecution for the same offense in the Common Pleas.

May Term,
1858.

TRITTIPO
v.
THE STATE.

Wednesday,
June 2.

APPEAL from the *Hamilton* Court of Common Pleas.

HANNA, J.—On the 6th day of *January*, 1857, an affidavit was made by one *Davidson* before *Hooker*, a justice of the peace of *Hancock* county, charging the appellant and others with a riot. On the 7th, the affidavit was filed in the office of the clerk of the Court of Common Pleas of that county, who, on the same day, issued a writ for the defendants, which was served by the sheriff on the 13th, being the same day on which an information was filed by the district attorney, based upon such affidavit.

On the 9th of *January*, this defendant and others, against whom the first affidavit was made, went before *Wright*, another justice of the peace of said county, who issued a writ for their arrest, based upon an affidavit then filed by one *Andrew J. Trittipo*, charging them with a riot, which is, in the progress of the cause, shown to be the same offense for which the first affidavit was filed. Upon this they were arrested, and this defendant, among others, on a plea of guilty, was, by justice *Wright*, fined five dollars, &c. The testimony of witnesses was heard by the justice upon the plea of guilty.

A change of venue was granted, of the cause pending upon information, from the Common Pleas of *Hancock* to the Common Pleas of *Hamilton* county. There, on a separate trial upon a plea of not guilty, the appellant admitted before the jury that he had been guilty of a riot, but relied for his defense upon an alleged former conviction for the same offense.

Were the proceedings before justice *Wright* a bar to the prosecution in the Common Pleas?

That the judgment rendered by justice *Wright* is a bar, if fairly obtained, is settled by the case of *Bruce* v. *The State*, 9 Ind. R. 206.

The evidence is not in the record, except that bearing upon the alleged former conviction; and upon a careful examination of that, we are of the opinion that it was not sufficient to have justified the jury in finding that such proceedings were not legitimate and in good faith. A new trial should have been granted.

*Per Curiam.*—The judgment is reversed. Cause re- manded, &c.

*D. Moss,* for the appellant.